REC'D BY JEFF SHAY

MAY 27 2011

ROUTE TO:

TO:

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

RECEIVED
Bill Fanelli

JUN 03 2011

May 25, 2011

State Farm Insurance Company
2500 Memorial Boulevard
Murfreesboro, TN  37131-0001
NAIC # 2880

Certified Mail
Return Receipt Requested
7011 0470 0000 5065 0644
Cashier # 3401

Re:    Jim Mc Fall & Elisha Hill   V.   State Farm Insurance Company

       Docket # 4423

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served May 20, 2011, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hardin County
    601 Main Street
    Savannah, Tn 38372



**SUMMONS**

**STATE OF TENNESSEE**

**CIRCUIT COURT OF HARDIN COUNTY**




JIM MCFALL and wife, ELISHA HILL,

        **Plaintiff,**

v.

        No. *4423*

STATE FARM INSURANCE COMPANY,
BRUCE JACOBS, INDIVIDUALLY AND IN
HIS AGENCY CAPACITY,

FILED *12th* DAY OF *May* *2011* AT *3:20* A.M./P.M.

DIANE POLK, CLERK

BY: *Tina Smith* CLERK

        **Defendant.**

To the above named Defendant:

    STATE FARM INSURANCE COMPANY
    Dept. of Commerce and Insurance
    Attn: Brenda Mead
    4th Floor, Davy Crockett Tower
    Financial Affairs Division
    500 James Robertson Pkwy
    Nashville, TN 37243

    You are hereby summoned and required to serve upon **W. JUSTIN REYNOLDS, Attorney at Law** whose address is **55 Court Street, Suite A, Savannah, Tennessee 38372** an answer to the complaint/petition which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESS, *Diane Polk*, Clerk of said Court, at office this the *12th* day of
*May*, 2011.

        *Diane Polk*, Clerk

    BY: *Tina Smith*

    Deputy Clerk

Served this the _____ day of _____, 2011, at _____ A.M./P.M.

_____

Deputy Sheriff/Constable/Process Server

This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.



ADA
For Disability Assistance
**731-925-8166**

IN THE CIRCUIT COURT FOR THE TWENTY-FOURTH DISTRICT
AT SAVANNAH

JIM McFALL and wife, ELISHA HILL,

    PLAINTIFFS,

V.

    NO. 4423
    12 PERSON JURY
    DEMANDED

STATE FARM INSURANCE COMPANY,
BRUCE JACOBS, INDIVIDUALLY AND IN
HIS AGENCY CAPACITY,

    DEFENDANTS.

COPY FOR DEFENDANT

FILED 12th DAY OF May 2011 AT 3:20 AM PM

DIANE POLK CLERK

BY: _____ CLERK

---

## COMPLAINT

    COMES NOW THE PLAINTIFFS and sues the Defendants and shows unto the court:

### VENUE & JURISDICTION

1.    The Plaintiffs, Jim McFall and wife, Elisha Hill, are residents of Hardin County, Tennessee who live and reside at 430 Qualls Road, Savannah, Tennessee 38372.

2.    The Defendant, State Farm Insurance Company, is a for-profit corporation having its principal place of business at 3 State Farm Plaza, N-2, Bloomington, Illinois 617100001, whose registered agent with the Tennessee Secretary of State is cited as Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203. State Farm Insurance Company regularly does business in Tennessee and has purposefully availed itself of the jurisdiction of this Court. State Farm Insurance Company maintains a physical presence in Hardin County, Tennessee and regularly transacts business in said county.

3.      Upon information and belief, Bruce Jacobs is a citizen and resident of Hardin County, Tennessee and is the appointed agent for State Farm Insurance and operates his place of business at 565 Water Street, Savannah, Hardin County, Tennessee 38372.

4.      This litigation involves a breach of insurance contract that was entered into and to be performed in Hardin County, Tennessee. As such, the Defendant, State Farm Insurance Company and Bruce Jacobs both individually and his agency capacity on behalf of State Farm Insurance Company are subject to personal and subject matter jurisdiction of this Honorable Court.

5.      The fire and subsequent loss, which are the subject of this litigation, occurred in Hardin County, Tennessee on January 3, 2010.

6.      Jurisdiction and venue are proper in this court and all acts and/or omissions occurred in Hardin County, Tennessee.

## FACTS

7.      The Plaintiffs aver they purchased an insurance policy from the Defendant, State Farm Insurance Company, on October 15, 2009 from Bruce Jacobs, an authorized State Farm agent. Said policy covered a 1995 manufactured (mobile) home owned by the Plaintiffs. This transaction was evidenced by a binder receipt, (a copy of which is attached hereto and marked as "Exhibit A."). Said binder was completed by a staff member of Bruce Jacobs acting in her agency capacity with actual and/or apparent authority on behalf of the Defendant, State Farm Insurance Company. Plaintiff paid a portion of said premium, as cited on the binder receipt, with check #1901.

8.      Plaintiffs were advised said agent would visit said manufactured (mobile) home for the purposes of making inspection and taking photographs in the days following the

issuance of the binder. Said agent, Bruce Jacobs, made this inspection and found the same to be acceptable.

9.      Plaintiffs aver the Defendant, State Farm, issued a policy, specifically policy number 42-BJ-K608-6, which insured against loss and injury by fire and other perils for the time period from October 15, 2009 to January 15, 2010.

10.     Said manufactured (mobile) home was totally destroyed by fire on January 3, 2010, falling within the time covered by the binder issued by the Defendant, State Farm Insurance Company. The Defendant, State Farm Insurance Company, was promptly advised of said loss in accordance with the policy.

11.     Following said loss, Doug Hollingsworth, a representative of the Defendant, State Farm Insurance Company, met with the Plaintiffs at the premises to inspect the same. The Defendant, State Farm Insurance Company, by and through its agent Doug, acknowledged and accepted Plaintiffs' claim by the issuance of a $500.00 check for emergency funds and following said meeting and check disbursement issued a letter dated January 4, 2010 (a copy of which is attached hereto and marked as "Exhibit B") advising the Defendant, State Farm Insurance Company, would provide emergency funds for temporary housing, as well as confirming "your policy has three coverages that apply to your loss: Coverage A for your home (building), Coverage B for your personal property, and Coverage C for additional living expenses."

12.     The following day, the Plaintiffs received an additional letter dated January 5, 2010 (a copy of which is attached hereto and marked as "Exhibit C"), indicating the Defendant, State Farm Insurance Company, could not issue a policy as requested by the Plaintiffs. Said letter also indicated coverage provided by the Defendant, State Farm Insurance Company, would terminate as of the cancellation date of January 20, 2010 at 12:01 a.m.

13.     The following day, the Plaintiffs received an additional letter via certified mail dated January 6, 2010 (a copy of which is attached hereto and marked as "Exhibit D"), indicating that the Defendant, State Farm Insurance Company, insured said manufactured home under policy number 42-BJ-k608-6 and outlining certain provisions of said policy as well as procedure to submit a claim.

14.     Additionally, Plaintiffs received a letter dated January 12, 2010 (a copy of which is attached hereto and marked as "Exhibit E") advising they should not enter the residence "until the scene has been released and our investigation has been completed." Said letter also requested a sworn proof of loss, as well as other information.

15.     Additionally, Plaintiffs received a letter dated January 19, 2010 (a copy of which is attached hereto and marked as "Exhibit F") advising the Defendant, State Farm Insurance Company, would be "conducting an investigation on Thursday, January 21, 2010," and again requesting the Plaintiffs not enter the premises.

16.     Additionally, Plaintiffs next received a letter dated February 12, 2010 (a copy of which is attached hereto and marked as "Exhibit G") alleging material misrepresentation and reserving their right to assert the same.

17.     Additionally, Plaintiffs next received a letter dated March 11, 2010 (a copy of which is attached hereto and marked as "Exhibit H") indicating "your policy is being voided back to the inception date with any applicable premium being returned to you by our underwriting department." Said letter also indicated an inability to make voluntary payment regarding the loss incurred by the Plaintiffs on January 3, 2010. Following said letter, only a portion of said premium was returned.

18.     Plaintiffs aver that a valid contract for insurance existed between them and the Defendant, State Farm Insurance Company. Plaintiffs have made a formal demand for said

payment to no avail. Plaintiffs have waited sixty (60) days after making the demand before filing this and, in the alternative, the Defendant, State Farm Insurance Company, has refused to pay this valid claim. The refusal to pay by the Defendant, State Farm Insurance Company, is an act of "bad faith".

19.   Plaintiffs further aver that the Defendant violated the Tennessee Consumer Protection Act found at Tenn. Code Ann. § 47-18-101 *et seq.* The Defendant's acts and practices set forth above are unfair and/or deceptive and the Plaintiffs have suffered damages as a result of the unfair or deceptive acts and practices. Plaintiffs submit they are entitled to all remedies set forth in the Tennessee Consumer Protection Act including treble damages and attorney fees.

20.   Plaintiffs further aver that the Defendants are guilty of negligent misrepresentation, deceit and/or fraud entitling them to punitive damages.

21.   Plaintiffs further aver the Defendant, State Farm Insurance Company, has acted in bad faith for failure to pay said claim promptly and aver they are entitled to all benefits provided by Tenn. Code Ann. § 56-7-105, which reads as follows:

(a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

(b) In any action against an unauthorized foreign or alien insurer or bonding company upon a contract of insurance or fidelity bond issued or delivered in this state to a resident of this state or to a corporation authorized to do business in this state, if the insurer or bonding company has failed for thirty (30) days after demand prior to commencement of the action to make payment in accordance with the terms of the

contract or fidelity bond, and it appears to the court that the refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney fee and include the fee in any judgment that may be rendered in the action. The fee shall not exceed twelve and one half percent (12.5%) of the amount that the court or jury finds the plaintiff is entitled to recover against the insurer or bonding company, but in no event shall the fee be less than twenty-five dollars ($25.00). Failure of an insurer or bonding company to defend the action shall be deemed prima facie evidence that its failure to make payment was vexatious and without reasonable cause.

22.     Plaintiffs further aver they have complied with all provisions of said policy and requests of the Defendant, State Farm Insurance Company. Not withstanding same, Defendant has breached its contract, specifically policy number 42-BJ-k608-6, and in doing so, have acted in bad faith by denying Plaintiffs claim.

23.     As a result of said loss, Plaintiffs have suffered damages in an amount exceeding the limits of the policy issued by the Defendant, State Farm Insurance Company, and therefore sues the Defendant, State Farm Insurance Company, in the amount of $50,000.00 plus the bad faith penalties of $12,500.00 plus costs, interest and attorney's fees as provided by Tenn. Code Ann. §56-7-105, as well as treble and punitive damages as provided by the Tennessee Consumer Protection Act found at Tenn. Code Ann. § 47-18-101 *et seq.*

**WHEREFORE,** Plaintiffs demand the following:

1.      The Defendant in this cause be properly served and required to answer pursuant to the Tennessee Rules of Civil Procedure.

2.      The Plaintiffs be awarded a judgment for the sum for the sum of Fifty Thousand and No/100 ($50,000.00) Dollars as provided by said policy as evidenced in the binder receipt attached hereto and marked as "Exhibit A."

3.      An additional Twenty-Five (25%) Percent in the amount of Twelve Thousand, Five Hundred and No/100 ($12,500.00) Dollars for bad faith plus interest and attorney fees as provided for in Tenn. Code Ann. § 56-7-105.

4.      Treble damages or punitive damages in accordance with Tennessee law.

5.    A jury of twelve try this cause.

6.    Discretionary costs, court costs and other general relief as justice requires.

Respectfully Submitted,

JIM McFall, Plaintiff

ELISHA HILL, Plaintiff

REYNOLDS & REYNOLDS, P.C.

BY: _____

W. JUSTIN REYNOLDS (028032)
55 Court Street, Suite A
Savannah, Tennessee 38372
(731) 925-7000 (Office)
(731) 925-9282 (Facsimile)
Counsel for Plaintiffs

## OATH

I, **Jim McFall and Elisha Hill**, the Plaintiffs, makes oath that they have read the foregoing complaint and the facts stated herein are true to the best of their knowledge, information and belief.

Jim McFall, Plaintiff

Elisha Hill, Plaintiff

SWORN to and subscribed before me this the ___26th___ day of ___April___

_____
NOTARY PUBLIC

___9-24-2012___
MY COMMISSION EXPIRES

## COST BOND

The undersigned Principal and Surety hereby bind themselves for cost adjudged against the Plaintiff in this cause.

Jim McFall, Principal

Elisha Hill, Principal

Reynolds & Reynolds, P.C., Surety

BY:
W. JUSTIN REYNOLDS

"Exhibit A"

COPY

January 4, 2010

State Farm Insurance
P.O. Box 20598
Murfreesboro, TN 37129-0087
Fax 1-888-620-5211

Elisha Hill
Jim Hill
3870 County Home Rd
Savannah, TN 38372

RE:   Claim Number:  42-B246-179
      Date of Loss:  January 3, 2010
      Our Insured:   Elisha Hill

Dear Ms. Hill:

It was a pleasure meeting with you recently to discuss your
claim. This letter will serve as a follow up to our conversation.

We can provide you with the emergency funds you will need,
assisting you in finding suitable temporary housing, reviewing
your policy with you, and answering questions you may have
regarding your loss.

Your policy has three coverages that apply to your loss: Coverage
A for your home (building), Coverage B for your personal
property, and Coverage C for your additional living expenses.

Under Coverage A, we will assist you in determining the final
repair/replacement cost for your building. This figure should be
based on like kind and quality of your home before it was
damaged.  Please remember that you are responsible to choose a
contractor and authorize them to begin work.

If your contractor's estimate is higher than our estimate, you
should contact us prior to authorizing any repairs to begin.  If
you authorized a contractor to begin work prior to notifying us
of any differences in scope or cost, you may be financially
responsible.

Your contents, or Coverage B, will require that you fill out
Personal Property Inventory Forms. Please follow the instructions
on the back of each form.  Although we need you to fill out the
forms as completely as possible, please note that it is
imperative that the columns referring to 'Item Description,'
'Date of Purchase or Age,' and 'Replacement Cost' be completed.
Please provide any documentation that you may have to support the
ownership and cost of each damaged or lost item.

HOME OFFICES:   BLOOMINGTON, ILLINOIS 61710

COPY

Elisha Hill
Jim Hill
Page 2
January 4, 2010

In column 6, prices for your personal property should be based on current retail prices, *not what you originally paid* for an item. Once you have completed each page, please date and sign. You should also keep a copy of each page for your records.

Please remember that settlement for your loss will be calculated on an Actual Cash Value, or depreciated basis. Your policy does provide Replacement Cost Benefits, but these are not paid until the depreciated items are repaired or replaced. You have two years from the date of loss to claim the Replacement Cost benefits under your policy.

Your Additional Living Expenses, or Coverage C, are covered above and beyond your normal living expenses. This means that you will need to keep all receipts required for motel stays, meals, and other expenses to maintain your standard of living for a time to repair or replace the premises up to 24 months. Your Additional Living Expenses will be calculated by obtaining the difference between what is incurred and what was normally spent prior to the loss.

If a mortgage company currently holds a note on your property, we are required to include their name on any payment for your building. If applicable, please contact your mortgage company as quickly as possible to determine their requirements for handling these payments.

Further, your policy includes a time frame in which you may dispute this claim. Please refer to your policy, which reads as follows:

### SECTION I - CONDITIONS

6. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Attached, please find the policy provisions regarding **Tennessee Code Annotated 56-7-125** and **The Written Statement of Rights for personal lines fire for homeowners insurance policyholders.**

Thank you for the opportunity to assist you. Please call if you have further questions or concerns.

Sincerely,

COPY

Elisha Hill
Jim Hill
Page 3
January 4, 2010

Doug Hollingsworth
Claim Representative
(731) 664-1233

State Farm Fire and Casualty Company

CC: Jacobs, Bruce D

"Exhibit B"

# State Farm Insurance Companies®



January 05, 2010

Murfreesboro Operations Center
2500 Memorial Boulevard
Murfreesboro, Tennessee 37131-0001

HILL, ELISHA & MC FALL, JIM
3870 COUNTY HOME RD
SAVANNAH TN  38372-5780

RE: Coverage Type:          Manufactured Home Special Form Policy
    Reference Number:       42-BJ-K608-6
    Location:               3870 County Home Rd
                            Savannah TN
                            38372-5780

CANCELLATION DATE:          January 20, 2010 12:01 A.M.

Dear Policyholder(s):

Thank you for the opportunity to consider your application for insurance.
After a careful review, we regret that we cannot issue the policy as
requested.  The coverage provided by this application will terminate on
the CANCELLATION DATE stated above.

This insurance is not acceptable to State Farm Fire and Casualty Company
due to:

The area of the foundation not fully enclosed increases the potential for
loss.

The upkeep of the yard and regular removal of trash and other
miscellaneous items needs improvement.

Lack of permanent steps and handrails to reat exit.

We are notifying the mortgagee(s) and/or additional interest(s) listed
below of our action.  Because their letter is only a notice of
declination, it will not disclose the above reason for our decision.

                    Central Bank

Hill, Elisha & Mc Fall, Jim
42-BJ-K608-6
January 05, 2010
Page  2 of  2

We encourage you to obtain other insurance to prevent a lapse in coverage.
Thank you for allowing us to provide your insurance.

Sincerely,

Underwriting Department
State Farm Fire and Casualty Company

CC:  Bruce Jacobs, 2199/F324

"Exhibit C"

# State Farm Insurance Companies



State Farm Insurance
2500 Memorial Blvd.
Murfreesboro, TN 37131

January 6, 2010

Mr. and Mrs. Jim and Elisha Hill
Jim McFall
3870 County Home Rd
Savannah, TN 38372

CERTIFIED MAIL
RETURN RECEIPT REQUESTED & REGULAR MAIL

RE:   Claim Number  :  42-B246-179
      Date of Loss  :  January 3, 2010

Dear Sir and/or Madam:

I am writing to you regarding the fire loss which you have
notified us occurred on 01/03/10 at 3870 County Home Rd, Savannah
TN, 38372.  We insure your home under policy number 42-BJ-K608-6.
This letter is to place you on notice that we expect full and
complete compliance with all policy provisions as outlined in
your homeowners policy.  On page 13 of your policy, under Section
I-Conditions, item 2, "Your Duties After Loss" are outlined.
They are as follows:

(2)   "Your Duties After Loss."  In case of loss to which this
      insurance may apply, you shall see that the following duties
      are performed:

      a.   give immediate notice to us or our agent.  Notify the
           police if the loss is cause by theft.  Also notify
           the credit card company or bank if the loss involves a
           credit card or bank refund transfer card;

      b.   protect the property from further damage or loss, make
           reasonable and necessary repairs required to protect
           the property, keep an accurate record of repair ex-
           penditures;

      c.   prepare an inventory of damaged or stolen personal
           property.  Show in detail the quantity, description,
           actual cash value and amount of loss.  Attach to the
           inventory all bills, receipts and related documents
           that substantiate the figures in the inventory;

      d.   as often as we reasonably require:

           (1)   exhibit the damaged property;
           (2)   provide us with records and documents we request

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001

Mr. and Mrs. Jim and Elisha Hill
Jim McFall
Page 2
January 6, 2010

          and permit us to make copies,
   (3)  submit to and subscribe, while not in the presence
       of any other insured:
         (a)  statements; and
         (b)  examinations under oath; and
   (4)  produce employees, members of the insured's house-
       hold or others for examinations under oath to the
       extent it is within the insured's power to do so;
       and

  e.  submit to us, within 60 days after the occurrence, your
     signed, sworn proof of loss which sets forth, to the
     best of your knowledge and belief;

   (1)  the time and cause of loss;
   (2)  interest of the insured and all others in the
       property involved and all encumbrances on the
       property;
   (3)  other insurance which may cover the loss;
   (4)  changes in title or occupancy of the property
       during the term of this policy;
   (5)  specifications of any damaged building and detail-
       ed estimates for repair of the damage;
   (6)  an inventory of damaged or stolen personal
       property described in 2.c.;
   (7)  receipts for additional living expenses incurred
       and records supporting the fair rental value loss;
   (8)  evidence or affidavit supporting a claim under the
       Credit Card, Bank Fund Transfer Card, Forgery and
       Counterfeit Money coverage, stating the amount and
       cause of loss.

As mentioned in the above section of your policy, you are requir-
ed to submit within 60 days of the date of loss, a proof of loss
form.  Enclosed with this letter is a blank Sworn Statement in
Proof of Loss form to help you comply with that particular
policy provision.  This form must be completely filled out and
signed by you as well as NOTARIZED.

In addition to the Sworn Statement in Proof of Loss, you are re-
quired to prepare an inventory of the damaged or destroyed
property.  I have provided you with the inventory forms needed
to comply with this provision.  There is a section to describe
the property.  You must be specific in giving as complete a des-
cription of each item as possible.  You must also include a place
of purchase or an individual's name and address from whom you
purchased the items.  The date of purchase or an age on each item
you list is also required.

Mr. and Mrs. Jim and Elisha Hill
Jim McFall
Page 3
January 6, 2010

Please list the replacement cost of each item as well as the
actual cash value of the item at the time of loss.  Be very care-
ful in filling out this inventory form and give us as complete
and specific information as possible.  Do not lump groups of
items together that are not identical in nature.  If you list a
store on the inventory as a place of purchase that sells in more
than one town, you need to also list the town you purchased the
item in.  If you bought the item from an individual, you need to
list the individual's name and address.  It is also required that
you attach to the inventory all bills, receipts and related
documents that substantiate the figures in the inventory.

Section e, number 5, states you must give specifications of any
damaged building and detailed estimates for the damage.  You must
submit the detailed estimates for replacing or restoring your
house to the condition it was in before the fire loss. A detail-
ed estimate is one which outlines each specific repair operation,
the amount of material required, the kind of quality, as well as
the cost in effecting the repairs and restoring your home.  The
inventory and the detailed estimates should accompany your com-
pleted Sworn Statement in Proof of Loss form.

In this letter, we have called your attention to some of the
policy provisions found within your policy.  The policy contract
requires complete compliance with these and all other policy
provisions not specifically outlined, but found in your policy.
If you have any questions about the filling out of your inventory
or the submitting of your Proof of Loss, please call me.

Sincerely,


Jim Simpson II, IAAI CFI
Claim Representative-Special Investigation Unit
(731) 664-1211

State Farm Fire and Casualty Company

"Exhibit D"



**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710

January 12, 2010

MR AND MRS MCFALL
ALISA HILL
3870 COUNTY HOME ROAD
SAVANNAH TN 38372

Murfreesboro Operations Center
PO Box 20707
Murfreesboro, TN 37129-9875

RE:   Claim Number:   42-B246-179
      Date of Loss:    January 3, 2010

Dear Mr. and Mrs. McFall and Ms. Hill:

This letter follows your recorded statement on the above-mentioned date in regard to your loss. As indicated and requested during the recorded statement, please do not make entry to the residence until the scene has been released and our investigation has been completed.

Also discussed during your recorded statement, please provide the following information for review and consideration at your earliest convenience:

1.   The completion of the enclosed Sworn Proof of Loss form.

2.   The completion of the Authorization form.

3.   Receipts verifying the whereabouts of both Mr. and Mrs. McFall and Ms. Hill on the morning of the date of loss which would include restaurant receipts from the Huddle House.

4.   Detailed cell phone records from all parties mentioned above for the dates of January 2, 2010 through January 4, 2010. Please label all incoming and outgoing calls by the individual's names. Please note if you incur a cost to generate this information, please forward the "paid" invoice and a reimbursement draft will be forwarded to you.

5.   The completion of the Personal Property Inventory forms which would include an accurate, quantity, quality, age, and verification of ownership for said items you are requesting consideration for. Verification of ownership would include receipts, canceled checks, credit cards statements, or warranty information.

MR AND MRS MCFALL
42-B246-179
Page 2

6.  Any additional information which would assist in the evaluation of your loss.

Please reference your Manufactured Home Policy, Form FP-7933.2, under **SECTION I-CONDITIONS**, which reads as follows:

### SECTION I - CONDITIONS

2.  **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

   a.  give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

   b.  protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

   c.  prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d.  as often as we reasonably require:

   (1)  exhibit the damaged property;

   (2)  provide us with records and documents we request and permit us to make copies;

   (3)  submit to and subscribe, while not in the presence of any other **insured**:

   (a)  statements; and

   (b)  examinations under oath; and

   (4)  produce employees, members of the **insured's** household or others for examination under oath to the extent it is within the **insured's** power to do so; and

   e.  submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

   (1)  the time and cause of loss;

MR AND MRS MCFALL
42-B246-179
Page 3

(2)    interest of the insured and all others in the property
       involved and all encumbrances on the property;

(3)    other insurance which may cover the loss;

(4)    changes in title or occupancy of the property during the
       term of this policy;

(5)    specifications of any damaged building and detailed
       estimates for repair of the damage;

(6)    an inventory of damaged or stolen personal property
       described in 2.c.;

(7)    receipts for additional living expenses incurred and records
       supporting the fair rental value loss; and

(8)    evidence or affidavit supporting a claim under the Credit
       Card, Bank Fund Transfer Card, Forgery and Counterfeit
       Money coverage, stating the amount and cause of loss.

7.   **Suit Against Us.** No action shall be brought unless there has been
     compliance with the policy provisions. The action must be started within
     one year after the date of loss or damage.

13.  **Intentional Acts.** If you or any person insured under this policy causes or
     procures a loss to property covered under this policy for the purpose of
     obtaining insurance benefits, then this policy is void and we will not pay
     you or any other insured for this loss.

I look forward in assisting you in the evaluation of your loss.  If you have any questions and/or
concerns, please feel free to contact me.

Sincerely,

Jim Simpson II, IAAI CFI
Claim Representative
Special Investigative Unit
731 664 1211
State Farm Fire and Casualty Company

11/528/796244

Enclosure

# State Farm Insurance Companies



State Farm Insurance
2500 Memorial Blvd.
Murfreesboro, TN 37131

January 19, 2010

Elisha Hill
Jim Hill
3870 County Home Rd
Savannah, TN 38372

RE:  Claim Number  :  42-B246-179
     Date of Loss  :  January 3, 2010

Dear Mr. McFall and Mrs. Hill:

This letter is to update you in regards to the status of your claim.  I have attempted to reach you via provided contact numbers, and as indicated on the recordings, the call was not able to be completed.  If you have a new contact number please contact us and provide said number.  Also, please be advised that I will be conducting an investigation on Thursday, January 21, 2010.  As indicated in your recorded statements, please do not make entry into the property.  If you have any questions or concerns please feel free to contact me.

Sincerely,

*Jim Simpson*

Jim Simpson II, IAAI CFI
Claim Representative-Special Investigation Unit
(731) 664-1211

State Farm Fire and Casualty Company

"Exhibit F"

# State Farm Insurance Companies



State Farm Insurance
2500 Memorial Blvd.
Murfreesboro, TN 37131

January 21, 2010

Elisha Hill
Jim Hill
3870 County Home Rd
Savannah, TN 38372

RE:   Claim Number  :  42-B246-179
      Date of Loss  :  January 3, 2010

Dear Mr. and Mrs. McFall:

This letter is to update you in regards to the
investigation of your loss.  Please note on this date
your property is released to you.  If you have any
questions or concerns please feel free to contact me.

Sincerely,

Jim Simpson II-IAAI CFI
Claim Representative-Special Investigation Unit
(731) 664-1211

State Farm Fire and Casualty Company

"Exhibit G"

**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



February 12, 2010

ELISHA HILL
JIM MCFALL
3870 COUNTY HOME ROAD
SAVANNAH TN 38372

Murfreesboro Operations Center
PO Box 20707
Murfreesboro, TN 37129-9875

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
**AND VIA US POSTAL SERVICE**

RE:    Claim Number:    42-B246-179
       Policy Number:   42-BJ-K608-6
       Date of Loss:    January 3, 2010

Dear Ms. Hill and Mr. McFall:

We are writing in reference to State Farm Fire and Casualty Company's decision with regard to the above-captioned loss which you reported to have occurred on or about January 3, 2010. Our investigation of this matter has concluded the following:

There has been a material misrepresentation with regard to the application for insurance. The following policy language is applicable:

**SECTION I AND SECTION II - CONDITIONS**

2.    **Concealment or Fraud.** This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

**DECLARATIONS CONTINUED**

We agree to provide the insurance described in this policy:

1.    based on your payment of premium for the coverages you chose;

2.    based on your compliance with all applicable provisions of this policy; and

3.    in reliance on your statements in these **Declarations**.

ELISHA HILL
42-B246-179
Page 2

You agree, by acceptance of this policy, that:

1.  you will pay premiums when due and comply with the provisions of the policy;

2.  the statements in these Declarations are your statements and are true;

3.  we insure you on the basis your statements are true; and

4.  this policy contains all of the agreements between you and us and any of our agents.

Unless otherwise indicated in the application, you state that during the three years preceding the time of your application for this insurance your Loss History and Insurance History are as follows:

1.  Loss History: you have not had any losses, insured or not; and

2.  Insurance History: you have not had any insurer or agency cancel or refuse to issue or renew similar insurance to you or any household member.

We regret to inform you that State Farm Fire and Casualty Company will be unable to make voluntary payment for this loss. Your policy is being voided back to the inception date. Any applicable premium will be returned to you by our underwriting department.

We will work directly with the lienholder in consideration of any claim which they may present.

Please note also the following policy language:

### SECTION I - CONDITIONS

8.  **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

By stating the above reasons for denial of this claim, State Farm Fire & Casualty Company does not waive the right to assert any other defenses to payment of this claim which may come to its attention and specifically reserves the right to assert the same.

Sincerely,

Claire Sercombe, CPCU®, CLU®
Team Manager
615 692 3166

ELISHA HILL
42-B246-179
Page 3

State Farm Fire and Casualty Company

11/528/306597

"Exhibit H"



**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710

March 11, 2010

ELISHA HILL
JIM MCFALL
3870 COUNTY HOME ROAD
SAVANNAH TN 38372

Murfreesboro Operations Center
PO Box 20707
Murfreesboro, TN 37129-9975

RE:   Claim Number:    42-B246-179
      Policy Number:   42-BJ-K608-6
      Date of Loss:    January 3, 2010

Dear Ms. Hill and Mr. McFall:

We have reviewed this file, along with information you have recently sent to our Claim
Representative Jim Simpson in Jackson, Tennessee. At this time, our information still indicates
that there has been a material misrepresentation with regard to the application for insurance.
We must respectfully stand by the decision which was relayed to you in our letter of
February 12, 2010. Your policy is being voided back to the inception date with any applicable
premium being returned to you by our underwriting department.

We are unable to make voluntary payment to you for this loss. We will work directly with the
lienholder in consideration of any claim they may present.

Sincerely,

*Claire Sercombe*

Claire Sercombe, CPCU®, CLU®
Team Manager
615 692 3166
State Farm Fire and Casualty Company

11/528/321234